IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| UNITED STATES OF AMERICA | ) | CR. NO. 3:16-519 (MGL) |
|---|---|---|
| v. | ) ) ) ) | SENTENCING MEMORANDUM |
| STEWART JEROME CRIBB | ) | |

As this court is well aware, the Sentencing Guidelines are but one factor that a court is required to consider in imposing an appropriate sentence. In determining a sentence, a district court must consider all of the factors set forth in 18 U.S.C. §3553(a), and the court may not presume that the guideline range is reasonable. Gall v. United States, 128 S.Ct. 586, 596-97 (2007). This court is also well aware of the factors listed under §3553(a); therefore, the defendant will not list those factors here.

After considering the factors listed under §3553(a), the court must impose a sentence that is "sufficient but not greater than necessary" to satisfy the purposes of sentencing: just punishment, deterrence, protection of the public and rehabilitation of the defendant. 18 U.S.C. §3553(a)(2). This so-called "parsimony provision" represents the "overarching" command of the statute. Kimbrough v. United States, 128 S.Ct. 558, 570 (2007).

The district court must give respectful consideration to the guidelines in determining a sufficient sentence, Gall, 128 S.Ct. at 594, but it may not presume that the guideline sentence is a correct one, Nelson v. United States, 129 S.Ct. 890 (2009), Rita v. United States, 127 S.Ct. 2456, 2465 (2007), or place "any thumb on the scale favoring a guideline sentence." Id. The court is free to consider whether the guideline

sentence itself "fails properly to reflect §3553(a) considerations" in the case-at-hand, Rita, 127 S.Ct. at 2465, and/or whether the guideline at issue exemplifies the Sentencing Commission's "exercise of its characteristic institutional role." Kimbrough, 128 S.Ct. at 575.

**VARIANCE GROUNDS**

The defendant will respectfully request that the court consider several factors in determining what sentence is "sufficient, but not greater than necessary" to satisfy the purposes of sentencing in this case. Primarily, Mr. Cribb will ask the court to consider the circumstances surrounding this offense, his conduct since then, as well as other §3553(a) factors.

While technically correct according to the Sentencing Guidelines Manual, calculations in this case result in an excessive guideline range. Mr. Cribb's Base Offense Level began at a level 6, as set forth in U.S.S.G. § 2B1.1(a)(2). A 12 - level enhancement was applied for the amount of loss, and two levels were added for abuse of trust, for an Adjusted Offense Level of 20. With 3 levels off for Acceptance of Responsibility, the Total Offense Level is 17. With no prior record, Mr. Cribb's Criminal History Category is I, for an advisory guideline range of 24 - 30 months. While the guideline calculations may be correctly calculated, they do nothing in determining the appropriate sentence in this case.

**A.  18 U.S.C. §3553(a)(1)–The History and Characteristics of Stewart Cribb and the Nature of the Offense**

Prior to meeting the individual involved in this case and the subsequent involvement in the criminal conduct to which he pled guilty, Stewart Cribb (Cribb) was a police officer with the Berkeley County Sheriff's Office in Moncks Corner, South Carolina for six years. In his capacity as a police officer, he had contact with an individual named C. Garris (Garris).

When the professional relationship turned personal, Mr. Cribb was asked to resign. Garris has a long criminal record and long standing heroin addiction. Cribb ended up letting Garris move in with him and Cribb fully supported Garris financially, and later Garris' girlfriend. Mr. Cribb paid all their bills, their supposed drug treatment, their child support and gifts for their children, their cell phones bills, their food, and ultimately for their drugs. When Cribb didn't have enough money to give Garris in response to his treats and extortion, Cribb became desperate and began stealing money from his job at Walmart. Almost all of the money involved in this case went to Garris, in the form of wired funds, as well as cash. Defense counsel will present additional information about Garris' involvement at sentencing.

Since this occurred, the defendant has suffered a tremendous fall. He now works for minimum wage as a vehicle transporter for Hertz Corporation at the Charleston Airport and has relied on the kindness of his parents for a place to live. His health is also poor, in that he suffers from morbid obesity and its complications but is unable to afford the services of a bariatric doctor.

**B.    18 U.S.C. §3553(a)(2)(A) and (B)—The Need for the Sentence Imposed to Reflect the Seriousness of the Offense, to Promote Respect for the Law, and to Provide Just Punishment for the Offense and the Need for the Sentence Imposed to Afford Adequate Deterrence to Criminal Conduct**

A sentence below the advisory guideline range would accomplish all of the goals of sentencing.

### C. 18 U.S.C. §3553(a)(2)(C)—The Need for the Sentence Imposed to Protect the Public from Further Crimes of the Defendant

There is nothing in the record to suggest that Mr. Cribb will re-offend, as he was never involved with criminal activity before this offense or in the years following it. He has been cooperative since the beginning of the case and has been on bond since April 29, 2015 with no violations.

### CONCLUSION

The advisory sentencing guidelines in this case call for a range of imprisonment of 24 - 30 months. A sentence within this range is greater than necessary to satisfy the purposes of sentencing under 18 U.S.C. §3553(a). Defense counsel asks the court to consider a sentence below the advisory guidelines, which, under the circumstances of this case, would accomplish the purposes of sentencing set out at 18 U.S.C. §3553(a). The defendant submits that this is fair and equitable due to the unique factors present in his case and the requested sentence will reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense.

Respectfully submitted,

s/KATHERINE E. EVATT
Assistant Federal Public Defender
1901 Assembly Street, Suite 200
Columbia, South Carolina   29201
Telephone: (803) 765-5078
Attorney ID #7044
E-mail Address: Kathy_Evatt@fd.org

Columbia, South Carolina

October 17, 2016